UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS WILBERT BOYD, JR.                    CIVIL ACTION

VERSUS                                     NUMBER: 09-7645

KELLY LASHER, ET AL.                       SECTION: "C"(5)


REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Louis Wilbert Boyd, Jr., against defendant, Judge Emile St. Pierre of the Twenty-Ninth Judicial District Court for the Parish of St. Charles, State of Louisiana.[1]/

Plaintiff is an inmate of the Nelson Coleman Correctional

---

[1]/ Although plaintiff includes the names of various other individuals as defendants in the caption of his complaint, a review of page four thereof, wherein he was asked to list each defendant separately, as well as his statement of claim set forth on page five, readily reveals that he is suing but one defendant in this case, namely, Judge St. Pierre.
   The Court is compelled to note plaintiff's untruthful negative answer to Question No. I(A) of the pre-printed §1983 complaint form wherein he was asked whether he had previously filed any other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment. (Complt., pp. 1-2). A review of the Court's records reveals that in this year alone plaintiff has filed at least eight lawsuits here. See 09-CV-7647, 09-CV-7646, 09-CV-7643, 09-CV-7642, 09-CV-7641, 09-CV-7639, and 09-CV-7508.

Center, Killona, Louisiana, who indicates that he is awaiting trial on unspecified charges. As his statement of claim herein plaintiff alleges that "Judge St. Pierre issued an excessive bond on defendant. Violation of bail rights." (Complt. at p. 5). In his prayer for relief Boyd asks that the judge be enjoined from setting excessive bonds or other accused defendants in the future. (Id.).

Plaintiff's attack on the reasonableness of the bond that was placed on him arguably amounts to a challenge to the fact and duration of his confinement which would ordinarily need to be addressed on habeas corpus grounds in the first instance. See Caldwell v. Line, 679 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 601 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th

2

Cir. 1988).

Plaintiff makes no showing of having presented the allegations set forth in his complaint to the Louisiana Supreme Court for its consideration. Accordingly, insofar as the instant matter can be considered as a request for habeas relief, it should be dismissed without prejudice to allow plaintiff to exhaust available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must now determine whether any viable §1983 claim is raised by plaintiff's complaint. Unfortunately for Boyd, the Court answers that question in the negative. Boyd's §1983 claim against Judge St. Pierre in his individual capacity falters due to the absolute judicial immunity that the judge enjoys. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against Judge St. Pierre in his official capacity fails for two reasons. First, the judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. Washington v. Louisiana, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009). Second, because an official-capacity claim against the judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, 2009 WL 382653 at *2 (E.D. La. Feb. 12,

3

2009).

Finally, plaintiff's claim for injunctive relief against Judge St. Pierre is not tenable here. The Federal Court Improvements Act, which amended §1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C §1983; Doris, 2009 WL 382653 at *3; Wilkerson v. Lanier, 2006 WL 2135224 at *3 (E.D. La. July 27, 2006). As the latter circumstances are not present here, plaintiff's §1983 claim against Judge St. Pierre should thus be dismissed with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Graves, 1 F.3d at 317.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days

4

after being served with a copy shall bar that party, except upon ground of plains error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 6th day of January, 2010.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE